UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHAWN L. BURNS,

    Plaintiff,

v.                                                                                          Case No:

ALEJANDRO MAYORGA, SECRETARY,
DEPARTMENT OF HOMELAND SECURITY,
TRANSPORATION SECURITY ADMINISTATION,

    Defendant.
_____/

**COMPLAINT FOR DISCRIMINATION, RETALIATION, HOSTILE WORK ENVIRONMENT AND VIOLATIONS PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, THE AMERICANS WITH DISABILITIES ACT OF 1990, THE FLORIDA WHISTLE-BLOWER'S ACT, AND THE REHABILITATION ACT OF 1973**

Plaintiff, Shawn L. Burns, by and through the undersigned attorneys, filed this Complaint against Alejandro Mayorga, Secretary, Department of Homeland Security, and states as follows:

**PARTIES**

1. Plaintiff, Shawn L. Burns, is a resident of Orange County, Florida, and is an Transportation Security Inspector for the Transportation Security Administration (TSA) for the Orlando Airport (MCO) beginning in 2012. During the relevant time period, he was a permanent employee with the Orlando office of TSA under the United States Department of Homeland Security.

2. At all times pertinent, Plaintiff's employer, pursuant to Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. sec 2000 (et. seq), The Rehabilitation Act of

1973 and the Americans with Disabilities Act of 1990, was the Orlando Airport Office of the Transportation Security Administration, under the Department of Homeland Security, Alejandro Mayorga, Secretary, or his predecessor(s).

## JURISDICTION AND VENUE

3. This Court has original jurisdiction in this action pursuant to 28 U.S.C. Sections 1331 and 1343, and 42 U.S.C. Section 2000e-5, inasmuch as the matter in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., the Whistleblower Protection Act of 1989, 5 U.S.C. 2302(b)(8)-(9) and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117, and the regulations governing federal employees, 29 C.F.R. §1614.407. This District possesses venue of this matter pursuant to 42 U.S.C. Section 2000e-5(f). The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive relief and other relief for illegal employment discrimination. The Plaintiff has lived in Orange County, Florida at all times relevant to this suit. The amount in controversy in this action exceeds the jurisdictional limits of this Court.

## GENERAL FACTUAL ALLEGATIONS

4. Plaintiff realleges paragraphs 1 through 3 as if set forth herein.
5. Plaintiff has exhausted all his administrative remedies.
6. Plaintiff had to retain the undersigned attorneys to represent him and has agreed to pay reasonable attorney's fees and costs.
7. Plaintiff demands trial by jury on all counts so triable.

8. Plaintiff is a Veteran of the US Armed Forces.

9. Plaintiff has a 100% disability rating from the VA.

10. Plaintiff was aged 40 or above during the events noted hereinafter.

11. Plaintiff participated in Merit Systems Protection Board (MSPB) Activity for himself in 2016-2022. During those proceedings, it was adjudicated that Plaintiff had been engaged in Protected Disclosures under the WPA and WPEA, and had been retaliated against by TSA for making those Protected Disclosures.[1]

12. Prior to his protected activities, Plaintiff was considered an exemplary employee.

13. On or about April 2017, a TSI-Aviation (I-Band) position was posted.

14. On or about April 17, 2017, Plaintiff was not selected for promotion to a TSI-Aviation (I-Band) position

15. On or about April 2017, the TSI-Aviation (I-band) position was cancelled rather than filled.

16. On or about April 19, 2018, Plaintiff was humiliated by management during a staff meeting; and,

17. On or about May 11, 2018, Plaintiff was issued a "No contact order";

18. On September 20, 2018, management issued Plaintiff a Decision Notice of Proposed 14-day Suspension for conduct unbecoming;

19. On or about October 2018, Plaintiff was not selected for promotion to an (I-Band) TSI-Aviation;

20. On or about November 7, 2018, Plaintiff was issued a lower than expected performance rating;

---

[1] The MSPB made the adjudication in its Initial Decision (now Final) in AT-1221-16-0246-W-5 and AT-1221-19-0385-W-4 (March 31,2022)

## COUNT I
## DISPARATE TREATMENT

21. Plaintiff realleges paragraphs 1 through 20 as if set forth herein.

22. The Plaintiff is a member of a protected class as a disabled veteran and a person over the age of 40;

23. The Plaintiff's employment situation is comparable to other employees not of the same protected class; and,

24. The Plaintiff was treated differently than other employees with respect to terms, conditions or benefits of employment.

25. The Plaintiff was not selected for promotions he was qualified for, had his work more closely monitored, given lower performance reviews and was issued a notice of proposed removal due to his protected status.

## COUNT II
## NON-SELECTION

26. Plaintiff realleges paragraphs 1 through 20 as if set forth herein.

27. The Plaintiff is a member of a protected class as a disabled veteran and a person over the age of 40;

28. On or about April 2017, a TSI-Aviation (I-Band) position was posted.

29. The Plaintiff applied and interviewed for the position.

30. The Plaintiff was qualified for the position of TSI-Aviation (I-Band); and

31. The Plaintiff was not selected and that the selectee was not of the Plaintiff's protected class.

32. After the Plaintiff was interviewed, the position posting was cancelled and no one was selected for the position.

## COUNT III
## HARASSMENT

33. Plaintiff realleges paragraphs 1 through 20 as if set forth herein.

34. The Plaintiff is a member of a protected class;

35. The employee was subjected to unwelcome personal slurs or denigrating or insulting verbal or physical conduct;

36. The conduct complained of was based on membership in protected class;

37. The harassment was sufficiently severe or pervasive to affect a term or condition of employment and/or that harassment had the purpose or effect of unreasonably interfering with the Plaintiff's work performance and/or creating an intimidating or hostile work environment.

## COUNT IV
## REPRISAL

38. Plaintiff realleges paragraphs 1 through 20 as if set forth herein.

39. The Plaintiff previously engaged in protected activity or opposed unlawful discrimination;

40. The responsible agency official was aware of the Plaintiff's previous protected activity;

41. The Plaintiff was contemporaneously or subsequently adversely affected by some action of the agency when he was not selected for promotion in April 2017, when he was not selected for promotion in October 2018, when he was issued a notice of proposed removal for behavior not becoming, and when he was issued a lower performance rating;

42. There is a causal connection between the protected activity and the adverse employment action; and

43. The action(s) of Agency managers occurred within such a period of time that a retaliatory inference arises.

**WHEREFORE**, Plaintiff, Shawn L. Burns, demands judgment against the Defendant, in an amount that will compensate him for:

a. Violation of his rights under Title VII of the Civil Rights Act of 1964;

b. Compensatory damages including lost wages, past and future and/or impairment of power to earn money; physical pain, emotional distress and humiliation, past and future; and past and future medical expenses;

c. Punitive damages to punish the Defendant for its willful, wanton, oppressive, malicious, and/or grossly negligent conduct;

d. A permanent injunction against future acts of discrimination and harassment against Plaintiff by the MCO Orlando Office;

e. Trial by jury on all issues so triable;

f. Costs expended herein, including reasonable attorneys' fees;

g. Pre-judgment and post-judgment interest; and,

h. Any and all other relief to which he may be entitled.

Respectfully submitted,

KURTZ LAW OFFICES, LLC

/s/ Serena M. Kurtz
Florida Bar No. 88683

                                          200 E Robinson St Ste 1120-B25  
                                        Orlando, FL 32801-1945  
                                        Tel. (407) 987-4529  
                                        E-mail: Serena@ GetKurtz.com  
                                        Alt. E-mail: Patrick@ GetKurtz.com  
                                        Attorney for Plaintiff